UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Larry Bonner, Jr.,<br><br>Debtor. | Case No.: 25-11401-amc<br>Chapter 13 |

## OBJECTION OF AMERICAN EXPRESS NATIONAL BANK TO CHAPTER 13 PLAN

Creditor and party in interest American Express National Bank ("American Express"), by its attorney, hereby objects to the Chapter 13 Plan (the "Plan," Dkt. #5) of Debtor Larry Bonner, Jr. (the "Debtor"). The Plan should not be allowed because, contrary to 11 U.S.C. §1325(a)(5), it does not provide for a secured claim for American Express, which has a valid lien on the Debtor's real property. In further support hereof, American Express states as follows:

1. American Express is the holder of a valid judicial lien in the amount of $3,513.76 (the "Lien") on the Debtor's real property located Philadelphia County, Pennsylvania. The judgment ("Judgment") giving rise to the Lien appears on the docket in the Court of Common Pleas in Philadelphia County, Pennsylvania, the county in which the Debtor's real property is situated. American Express obtained the Judgment, which is attached to American Express's proof of claim, on February

1

23, 2024. Part 2, item 9 of the proof of claim identifies American Express's claim as secured by real estate. See Claims Register #13-1.

2. Schedule E/F of the Debtor's bankruptcy petition (the "Petition," Dkt #1) mistakenly characterizes American Express's claims as unsecured.

3. The Plan is silent as to the treatment of American Express's claims. It does not identify American Express's claims as secured.

4. In light of the foregoing, the Debtor's intention appears to be treat American Express incorrectly as an unsecured creditor.

5. In Pennsylvania, a judgment gives rise to a lien on the debtor's real property located in the county where the judgment was obtained. A lien entitles a creditor's claim to be treated as secured, unless it impairs an exemption of the debtor, pursuant to 11 U.S.C. § 522(f)(2)(A).

6. The Lien does not impair the Debtor's homestead exemption. The fair market value of the Debtor's residence located at 3624 Fisk Ave., Philadelphia PA, 19129 is $288,877.00, according to his bankruptcy petition. Petition at Schedule A/B. There is one mortgage in the amount of $99,465.00 and a second in the amount of $48,500.00 on this property. Id. at Schedule D. The Debtor claims a homestead exemption of $31,575.00, pursuant to 11 U.S.C. § 522(d)(1). Id. at Schedule C. The sum of the mortgages, the Lien and the homestead exemption is $183,053.76 ($99,465.00 + $48,500.00 + $3,513.76 + $31,575.00). The value of the Debtor's

interest absent any liens is $288,877.00.  The Debtor's exemption is thus not impaired and there is non-exempt equity in the homestead to which the Lien may attach.  Accordingly, the Plan should expressly provide that American Express's claim be treated as secured in the amount of $3,513.76.

7. Additionally, Schedule A/B indicates that the Debtor owns another property in Philadelphia County located at 2521 W. Hagert St., Philadelphia PA, 19132, whose fair market value is $234,900.00.  The value of Debtor's share of this property is $117,450.00.  The Debtor does not claim a homestead exemption on this property or report a mortgage.  Thus, there is also sufficient equity in this property to secure the Lien.

WHEREFORE, American Express respectfully requests that (1) the Plan not be confirmed in its current form, and (2) an order be issued requiring the Debtor to include a provision in an amended plan granting American Express a secured claim in the amount of the $3,513.76.

Dated:                                             Respectfully submitted,

AMERICAN EXPRESS NATIONAL BANK,

By its attorney,

/s/ Kirsten Armstrong
Kirsten R. Armstrong, Esq.
Zwicker & Associates, P.C.
900 NORTHBROOK DR. STE. 102
TREVOSE, PA 19053
(877) 297-1183
karmstrong@zwickerpc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of May, 2025 I caused a copy of the foregoing Objection of American Express National Bank to Chapter 13 Plan to be served by electronic filing and on the following persons by first-class mail, postage prepaid:

Brad. J. Sadek
Sadek Law Offices, LLC
1500 JFK Boulevard
Ste 220
Philadelphia, PA 19102
Counsel for the Debtor

Kenneth E. West
Office of the Chapter 13 Standing Trustee
190 N. Independence Mall West
Suite 701
Philadelphia, PA 19106
Chapter 13 Trustee

United States Trustee
Office of United States Trustee
Robert N.C. Nix Federal Building
900 Market Street
Suite 320
Philadelphia, PA 19107

/s/ Kirsten Armstrong
Kirsten R. Armstrong, Esq.